## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| ATHENA SECURITY, LLP,<br><br>              Plaintiff,<br><br>        v.<br><br>DELL TECHNOLOGIES INC.,<br><br>              Defendant. | Case No. 7:26-cv-00025<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST

## DELL TECHNOLOGIES INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Athena Security, LLP ("Plaintiff" or "Athena") makes the following allegations against Defendant Dell Technologies Inc. ("Defendant" or "Dell"):

### INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of United States Patent Nos. 7,698,744; 7,702,742; 8,225,323; and 7,969,880 (collectively, the "Asserted Patents"). Athena owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Athena Security, LLP is a limited liability partnership organized and existing under the laws of the State of Nevada, with a registered address at 1468 James Rd., Gardnerville, NV 89460.

3. Defendant Dell Technologies Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1 Dell Way, Round Rock, TX,

1

78682. Dell has as its registered agent for service: Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue as to Dell Technologies Inc. is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Dell resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District. For example, Dell has regular and established places of business in the Western District of Texas, including, e.g., at 1 Dell Way, Round Rock, TX 78682.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,698,744

7. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Athena owns all rights, title, and interest in U.S. Patent No. 7,698,744, titled

"Secure system for allowing the execution of authorized computer program code," issued on April 13, 2010 (the "'744 Patent"). A true and correct copy of the '744 Patent is attached as Exhibit 1.

9. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Dell Safeguard and Response, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '744 Patent.

10. Through at least the filing and service of this Complaint, Defendant has had knowledge of the '744 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '744 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '744 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '744 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '744 Patent, thereby specifically intending for and inducing its customers to infringe the '744 Patent through its customers' normal and customary use of the Accused Products.

11. The Accused Products satisfy all claim limitations of claims of the '744 Patent. A claim chart comparing independent claim 37 of the '744 Patent to Defendant's infringing activity is attached as Exhibit 2.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and is liable for infringement of the '744 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '744 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,702,742

14. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Athena owns all rights, title, and interest in U.S. Patent No. 7,702,742, titled "Mechanism for enabling memory transactions to be conducted across a lossy network," issued on April 20, 2010 (the "'742 Patent"). A true and correct copy of the '742 Patent is attached as Exhibit 3.

16. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, the PowerEdge R670, R770, R7715, and R7725 product lines, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '742 Patent.

17. Through at least the filing and service of this Complaint, Defendant has had knowledge of the '742 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '742 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '742 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly

infringe the '742 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '742 Patent, thereby specifically intending for and inducing its customers to infringe the '742 Patent through its customers' normal and customary use of the Accused Products.

18.    The Accused Products satisfy all claim limitations of claims of the '742 Patent. A claim chart comparing independent claim 1 of the '742 Patent to Defendant's infringing activity is attached as Exhibit 4.

19.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and is liable for infringement of the '742 Patent pursuant to 35 U.S.C. § 271.

20.    As a result of Defendant's infringement of the '742 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,225,323

21.    Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.    Athena owns all rights, title, and interest in U.S. Patent No. 8,225,323, titled "Control device and control method for reduced power consumption in network device," issued on July 17, 2012 (the "'323 Patent"). A true and correct copy of the '323 Patent is attached as Exhibit 5.

23.    On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, the Dell PowerEdge R750 and PowerEdge XE9680 servers, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '323 Patent.

24.    Through at least the filing and service of this Complaint, Defendant has had knowledge of the '323 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '323 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '323 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '323 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '323 Patent, thereby specifically intending for and inducing its customers to infringe the '323 Patent through its customers' normal and customary use of the Accused Products.

25.    The Accused Products satisfy all claim limitations of claims of the '323 Patent. A claim chart comparing independent claim 23 of the '323 Patent to Defendant's infringing activity is attached as Exhibit 6.

26.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and is liable for infringement of the '323 Patent pursuant to 35 U.S.C. § 271.

27.    As a result of Defendant's infringement of the '323 Patent, Athena is entitled to

monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 7,969,880

28. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Athena owns all rights, title, and interest in U.S. Patent No. 7,969,880, titled "Device and method for relaying packets," issued on June 28, 2011 (the "'880 Patent"). A true and correct copy of the '880 Patent is attached as Exhibit 7.

30. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Dell switches running SmartFabric OS10 such as the Dell PowerSwitch devices (e.g., PowerSwitch S3048-ON, PowerSwitch S4048-ON, Dell EMC Networking N3200-ON, PowerSwitch S4048T-ON, PowerSwitch S4112F-ON/S4112T-ON, PowerSwitch S4128F-ON/S4128T-ON, PowerSwitch S4148F-ON/S4148T-ON/S4148FE-ON, PowerSwitch S4148U-ON , PowerSwitch S4248FB-ON /S4248FBL-ON, PowerSwitch S5212F-ON, PowerSwitch S5224F-ON, PowerSwitch S5232F-ON, PowerSwitch S5248F-ON, PowerSwitch S5296F-ON, PowerSwitch S5448F-ON, PowerSwitch S6010-ON, PowerSwitch Z9100-ON, PowerSwitch Z9264F-ON, PowerSwitch Z9332F-ON, PowerSwitch Z9432F-ON, SmartFabric Director, SmartFabric OS10 Software), and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '880 Patent.

31. Through at least the filing and service of this Complaint, Defendant has had

knowledge of the '880 Patent and that by providing the Accused Products to direct infringers, Defendant also knowingly and intentionally induces infringement of claims of the '880 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '880 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '880 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '880 Patent, thereby specifically intending for and inducing its customers to infringe the '880 Patent through its customers' normal and customary use of the Accused Products.

32.     The Accused Products satisfy all claim limitations of claims of the '880 Patent. A claim chart comparing independent claim 1 of the '880 Patent to Defendant's infringing activity is attached as Exhibit 6.

33.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and is liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

34.     As a result of Defendant's infringement of the '880 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Athena respectfully requests that this Court enter:

a.     A judgment in favor of Athena that Defendant has infringed each of the Asserted

Patents, either literally and/or under the doctrine of equivalents;

b.      A judgment in favor of Plaintiff that Defendant has induced infringement of the Asserted Patents;

c.      A judgment and order requiring Defendant to pay Athena its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

d.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Athena, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Athena its reasonable attorneys' fees against Defendant; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Athena, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 23, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Adam S. Hoffman (CA SBN 218740)
ahoffman@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

*Attorneys for Plaintiff*
*Athena Security, LLP*